1
2
3
4
5
6
7

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

8

9

10   UNITED STATES DISTRICT COURT

11   CENTRAL DISTRICT OF CALIFORNIA

12   **Cecil Shaw**,                    **Case No**.

13          Plaintiff,                  **Complaint For Damages And**
                                        **Injunctive Relief For** Violations
14       v.                             Of: American's With Disabilities
                                        Act; Unruh Civil Rights Act;
15   **Dore A. Reyes**; and Does 1-10,   California Disabled Persons Act;
                                        Negligence
16          Defendants.

17

18          Plaintiff Cecil Shaw complains of Defendants Dore A. Reyes; and Does

19   1-10 ("Defendants") and alleges as follows:

20

21          **PARTIES:**

22       1.  Plaintiff is a California resident with physical disabilities. He suffers

23   from debilitating back and hip pain. He uses a wheelchair for mobility.

24       2.  Defendants are, or were at the time of the incidents, the real property

25   owners, business operators, lessors and/or lessees for the JJ Oasis Latino

26   Mexican food restaurant ("Restaurant") located at or about 1550 N. Palm

27   Canyon Drive, Palm Springs, California.

28       3.  Plaintiff does not know the true names of Defendants, their business

Complaint

capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Restaurant in November of 2014 to eat.

8.   The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

9.   Parking spaces are one of the facilities, privileges and advantages

Complaint

offered by defendants to customers of the Restaurant.

10. Unfortunately, although parking spaces are one of the facilities available to customers who patronize the Restaurant, there is not a single compliant parking space reserved for persons with disabilities.

11. However, on information and belief, plaintiff alleges that a fully compliant, accessible parking space once existed at this location but the parking space has been allowed to fade away to the point that it is no longer available for use by persons with disabilities or it has been removed from reserved status.

12. Defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot. As such, the parking space reserved for persons with disabilities is no longer available.

13. Additionally, in the main dining area, the tables are all fixed booths. There is no wheelchair accessible table. A wheelchair user could, conceivably, park at the end of the booth and use the end of the table but this would cause the wheelchair user to be sitting in the required circulation path and access aisles. The wheelchair user would then be an obstruction as defined by the California Building Code and cause a "barrier" as that term is defined under the ADA by reducing the clear passage width. The plaintiff was placed, in fact, at the end of a booth and he was constantly forced to move so that other patrons could get by. Plaintiff was embarrassed and frustrated to have to do something like that.

14. The path of travel from the dining area to the restroom is less than 36 inches. The booths and stools are simply too close to each other to allow for a path of travel that complies with the law. Indeed, the path of travel narrows to as little as 20 inches in width.

15. Restrooms are one of the facilities, privileges and advantages offered by defendants to customers of the Restaurant. Even though plaintiff did not

Complaint

personally confront the violations in the restroom, there were several violations.

16. The restroom sink is a pedestal-style sink that does not provide any knee clearance for wheelchair users.

17. The restroom mirror is mounted on the wall so that its bottom edge is approximately 42 inches above the floor and is not effectively used by wheelchair users.

18. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

19. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations. Plaintiff, who lives in Hemet, travels to Palm Springs from time to time. The Restaurant is conveniently located. Plaintiff would like to return when he visits Palm Springs.

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

21. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

22. Additionally, on information and belief, the plaintiff alleges that the

Complaint

failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

Complaint

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

26. Here, the lack of an accessible, compliant parking space is a violation of the law.

27. There are booths provided for dining but not one is accessible to wheelchair users because: (1) there is no knee clearance measuring at least 27 inches high, 30 inches wide and 19 inches deep.

28. Under the ADA, a 36 inch clear access aisle must be maintained between the edges of accessible fixed tables. 1991 Standards § 5.3. Likewise, section 1017 of the California Building Code mandates that the required width of aisles remain unobstructed. Here, the defendants do not provide wheelchair accessible tables. Their tables are all fixed booths. Although a wheelchair user could conceivably pull up to the end of the booth, he would then be parked in the circulation path (aisles) and would act as an obstruction, causing the defendants to violate both section 1017 of the California Building Code and section 5.3 of the 1991 Standards because the defendants

Complaint

would then fail to have a clear and unobstructed access aisle. Forcing a wheelchair user to block the accessible path of travel and aisle in order to enjoy using a table does not comply with either the federal access standards or the California Building Code.

29. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. The minimum clear width of an accessible route shall be 36 inches. 1991 Standards § 4.3.3. Here, the failure to provide an accessible path of travel to the restroom is a violation of the ADA.

30. Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306. Here, no such knee clearance was provided and this is a violation of the ADA.

31. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

34. Given its location and options, the Restaurant is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

39. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

40. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

42. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: January 21, 2015            CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

10

Complaint