## SETTLEMENT AGREEMENT AND RELEASE

1. **PARTIES**: The parties to this Agreement of Settlement and Release ("Agreement") are CECIL SHAW ("Plaintiff") on the one hand, and DORE A. REYES ("Defendant") on the other hand (collectively "the Parties"). There are no intended beneficiaries of this Agreement other than as specifically stated herein.

2. **RECITALS**: This Agreement is made with reference to the following facts:

2.1. Defendant owns, operates, and/or leases the improved real property located at 1550 N. Palm Canyon Drive, Palm Springs, California. This property, which is the subject of the Disputes between the Parties referenced in Paragraphs 2.2 and 2.3 below, is hereinafter referred to as the "Facility."

2.2. Certain disputes and controversies (the "Disputes") have arisen between the Parties hereto.

2.3. The Disputes include, but are not limited to, the claims, complaints, demands and causes of action set forth by Plaintiff in a civil action pending in the United States District Court, Central District Of California, entitled CECIL SHAW v. DORE A. REYES, et al., Case No. 5:15-CV-00134-SVW-KKX (the "Lawsuit").

2.4. In the Lawsuit, Plaintiff claims, inter alia, that the Facility does not comply with the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Unruh Act, Cal. Civil Code § 51 et seq., and other statutes. Defendant has denied, and continues to deny, these claims.

2.5. It is the intention of the Parties to settle and dispose of, fully and completely, the Disputes and any and all claims, potential claims, complaints, demands, and causes of action reflected in the Lawsuit or relating to the Facility, or which may have arisen prior to the effective date of this Agreement from the same operative facts as those alleged in the Lawsuit other than attorney fees and costs. Defendant agree to pay Plaintiff's reasonable attorney fees and costs as determined by the Court.

NOW, THEREFORE, the Parties agree as follows:

3. **COMPLIANCE**: Defendant will cause improvements to be made to the Facility as follows:

RECEIVED
JUL 20 2015

3.1. Within 180 days after receipt of this Agreement executed by Plaintiff, Defendant shall stripe and sign designated accessible level parking at Facility, in compliance with the Americans with Disabilities Act Accessibility Guidelines and Title 24 of the California Code of Regulations.

4. **PAYMENT**: Within ten (10) days after receipt of this Agreement executed by Plaintiff, and as a condition to Plaintiff's duty to dismiss, Defendant shall pay the total sum of Three Thousand Dollars ($3,000) to Plaintiff and his counsel in the form of checks made payable to "Center for Disability Access" as follows: a payment of One Thousand Five Hundred Dollars ($1,500) to be made upon of receipt of this Agreement executed by Plaintiff; and the next payment of One Thousand Five Hundred Dollars (1,500) to be made within thirty (30) days after the first payment. The amount of attorney fees and litigation costs/expenses Plaintiff's counsel is entitled to shall be determined by the Court via a Noticed Motion. Defendant agree that Plaintiff is entitled to attorney fees and litigation expenses/costs but Defendants retain all arguments related to the reasonableness of the Plaintiff's requested fee award. Other than the settlement payment called for in this paragraph and the amount of attorney's fees/costs ultimately awarded by the Court, there shall be no other payment by or to any Party. The details relating to the case name and case number shall be included along with the settlement payment. The Tax Identification Number for Center for Disability Access is 33-0855260,

5. **DISMISSAL**: After receipt of the payment set forth in Paragraph 4 of this Agreement and payment of fees/costs from Defendant, as finally determined by the Court or agreed to by the parties, Plaintiff shall dismiss the Lawsuit with prejudice. Each Party hereby irrevocably authorizes and directs its attorneys of record to execute and deliver to the court the Dismissal with Prejudice after such payment by Defendant as described herein, so that the same may be filed with the Court in accordance with this Agreement. The Parties hereby expressly agree and stipulate that the Magistrate shall retain jurisdiction over this matter pursuant to provisions of the Federal Rules of Civil Procedure.

6. **ENTRY OF JUDGMENT**: If Defendants fail to make any of the payments called for in paragraph 4, they will be deemed in default. If the defendants fail to cure a default after five days written notice, Plaintiff may declare the default and seek (by ex parte application or other motion) for entry of a Stipulated Judgment pursuant to provisions of the Federal Rules of Civil Procedure. In such an event, judgment shall be

immediately entered for the full amount less any sum received by Plaintiff from Defendants pursuant to the terms of this Agreement. The Parties further stipulate that the court will have retained continuing jurisdiction to enforce the terms of this settlement.

7. **RELEASES AND COVENANTS**: In consideration of the mutual releases contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each Party, the Parties promise, agree, and release as follows:

7.1. Except as to such rights or claims as may be created by this Agreement, Plaintiff and Defendant hereby release, remise, and forever discharge each other Party hereto from any and all claims, potential claims, demands, and cause or causes of action reflected in the Lawsuit, and any other claims, demands, or causes of action which may have arisen from the same or similar operative facts as those alleged in the Lawsuit. The Parties shall not disclose facts or circumstances of this Lawsuit to any third party so the Parties can better put this matter behind them.

7.2. The Parties waive, in connection with this settlement, the benefit of the provisions of § 1542 of the Civil Code of the State of California, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7.3. Plaintiff's waivers and releases herein are to claims arising from this Facility only. Plaintiff does not waive or release any claims of any kind arising from other locations.

8. **REPRESENTATIONS AND WARRANTIES**: Each Party to this Agreement represents, warrants, and agrees as to itself as follows:

8.1. Each Party has received independent legal advice from its attorneys, with respect to the advisability of making the settlement provided for herein, with respect to the import of Civil Code § 1542, and with respect to the advisability of executing this Agreement.

8.2. No Party (nor officer, agent, employee, representative, or attorney of or for any Party) has made any statement or representation to any other Party regarding any fact relied upon in entering into this Agreement, neither Party relies upon any statement, representation or promise of any other Party (nor officer, agent, employee, representative, or attorney for the other Party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

8.3. Each Party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and all of the matters pertaining thereto as it deems necessary.

8.4. Each Party or responsible manager or officer thereof has read this Agreement and understands the contents hereof. Each of the managers or officers executing this Agreement on behalf of their respective corporations is empowered to do so and thereby binds their respective corporation.

8.5. Each Party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, potential claims, demands, and cause or causes of action disposed of by this Agreement.

8.6. Each term of this Agreement is contractual and not merely a recital.

8.7. Each Party is aware that it may hereafter discover claims or facts in addition to or different from those it now knows or believes to be true with respect to the matters related herein. Nevertheless, it is the intention of the Parties to fully, finally and forever settle and release the matters related hereto. In furtherance of such intention, the releases given hereon shall be and remain in effect as full and complete mutual releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

8.8. The Parties will execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

9. **SETTLEMENT**: This Agreement affects the settlement of claims which are denied and contested and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party. Each Party denies any liability in connection with any claims and intends merely to avoid litigation and buy its peace. The settlement payment in this Agreement is to compensate Plaintiff for alleged personal physical injuries suffered.

Shaw v. Dore A. Reyes, et al.

10. **SEVERANCE**: If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted; and neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions.

11. **CONFIDENTIALITY**: This Agreement and the terms thereof shall be maintained in strict confidence by all parties. No Party shall initiate, nor participate in, a press release, press conference, or other public disclosure of the settlement embodied by this Agreement, it being agreed by all Parties that the policy of the law is best served by private settlements. In the event of press or other inquiry, the Parties agree they will have no comment. The terms of this Agreement shall only be disclosed pursuant to lawful process or judicial order, and/or to spouses and legal and tax advisors

12. **MISCELLANEOUS**:

12.1. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

12.2. This Agreement is the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral or written agreements and discussions. This Agreement may be amended only by an agreement in writing, executed by all Parties hereto.

12.3. This Agreement is binding upon and shall inure to the benefit of the Parties hereto, their respective agents, attorneys, employees, representatives, officers, directors, divisions, subsidiaries, affiliates, tenants, assigns, heirs, spouses, sons, daughters, predecessors, dealers, franchisees, successors in interest and shareholders.

12.4. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party.

12.5. This Agreement may be executed in counterparts and/or by facsimile or other electronic means, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterpart, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

Shaw v. Dore A. Reyes, et al.

Dated: 7/22/2015

DocuSigned by:
_____
CECIL SHAW
6D3DE53AD3C840D...

Dated: _____

_____
DORE A. REYES