2011 WL 1107213
Only the Westlaw citation is currently available.
United States District Court,
C.D. California.

Gilbert SALINAS, Plaintiff,
v.
RITE AID LEASE MANAGEMENT
COMPANT; Thrifty Payless, Inc., Defendants.

No. CV 10–7499 SVW (FMOx).   |   March 17, 2011.

**Attorneys and Law Firms**

[Jennifer Daley](), [Karen Coolman Amlong](), [William R. Amlong](), Amlong & Amlong, PA, Ft. Lauderdale, FL, for Plaintiff.

[Benjamin R. Welling](), [Tammie L. Rattray](), Ford & Harrison, LLP, Tampa, FL, for Defendant.

**Opinion**

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [17]

[STEPHEN V. WILSON](), District Judge.

**I. INTRODUCTION**

**\*1** This was an action brought by Plaintiff Gilbert Salinas against Rite Aid Lease Management Company and Thrifty Payless, Inc. (collectively, "Defendants") for violations of the American with Disabilities Act and the Unruh Civil Rights Act. Plaintiff alleged that Rite Aid had installed electronic credit/debit machine at every check-out aisle at a Rite Aid store that were inaccessible to wheelchair users. The parties ultimately entered into a stipulation judgment under which Rite Aid was required to modify its disabled access checkout counters and pay Plaintiff $4,001 and all of his reasonable attorney's fees and costs accrued in the action.

Plaintiff has now filed a Motion for an Award of Attorney's Fees and Litigation Expenses (the "Motion") seeking fees in the amount of $24,334.50. Plaintiff's Motion is GRANTED with certain reductions.

**II. DISCUSSION**

**A. Applicable Law**

To determine reasonable attorney's fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." [Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)](). This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. *Id.* Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." [Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir.1992)](). All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. [Hensley, 461 U.S. at 434](). *Hensley* also identified twelve factors to aid a court's decision when determining the appropriate fee award, which are largely undisputed here except for the attorneys' hourly rates and hours expended. Plaintiff's attorneys do not seek a multiplier.

**B. Fees Requested**

Four attorneys worked on Plaintiff's case. Attorneys Russell Handy, Mark Potter, and Ray Ballister request compensation at a rate of $425 per hour. According to Plaintiff, Handy worked 21.5 hours; Potter worked 21.2 hours; and Ballister worked 8.1 hours. Attorney Steve Wedel worked a total of 2.3 hours, billing at $375 per hour. Plaintiff also seeks recovery for use of two experts, Paul Bishop and Chris Rolin. Bishop's bill was for $882 and Rolin's was for $2,500.

Defendants do not dispute the hours billed by Potter or Ballister, nor do they dispute the expert fees submitted. Nonetheless, Defendants seek a reduction in the fee to $13,852.00, contending that the rates charged by each of Plaintiff's attorneys were too high and that a portion of the hours billed should not be considered.

**C. Hourly Rates**

The hourly rates charged by Plaintiff' attorneys are reasonable. Handy has devoted his private practice to disability litigation for the last twelve years and taught as an adjunct professor at California Western. Potter founded the Center for Disability Access and devoted the substantial majority of his practice to disability issues for nearly seventeen years. Ballister has been in practice for 27 years and has an extensive trial record. Wedel is the most junior attorney at the firm, which is reflected in his lower billing rate.

Nevertheless, Wedel has been practicing for nine years in the disability litigation context.

**\*2** Defendants criticize Plaintiff's fees generally "because many of the tasks could, and should, have been delegated to less experienced associate attorneys." (Opp. at 9). However, a district court need not consider how a differently structured firm might have staffed a case. *Moreno v. City of Sacramento,* 534 F.3d 1106, 1114 (9th Cir.2008); *Lopez v. San Francisco Unified Sch. Dist.,* 385 F.Supp.2d 981, 991 (N.D.Cal.2005). Because Defendants do not identify which tasks were delegable, the Court declines to consider the argument.

Plaintiff submitted the declaration of a fee expert and substantial market data confirming that the rates charged were appropriate. Defendants, in contrast, have submitted no persuasive evidence as to the prevailing market rates. Rather, Defendants cite various cases in which rates below those sought by Plaintiff were assessed by courts. They cite cases from 2005 through 2009, but the cases do not necessarily reflect the *prevailing* market rate, which is the appropriate standard. In addition, the facts of each case are different (involving different attorneys and different claims), rendering such selectively identified cases suspect. Plaintiff likewise cites a more recent case in which rates at $495 per hour were considered "below market rates for attorneys with equal experience," evidencing the wide range in which determinations of reasonable rates can vary. [1] *Blackwell v. Foley,* 724 F.Supp.2d 1068, 1078 (N.D.Cal.2010).

**D. Hours Logged**

Defendants itemize only two billings that they view as excessive in terms of hours logged: Plaintiff's motion for summary judgment and discovery requests for admissions, documents, and interrogatories.

Plaintiff filed a motion for summary judgment on December 17, 2010. [2] Handy claims to have worked 13.1 hours to prepare the motion. [3] Because discovery had not been completed when the summary judgment motion was filed, Defendants contend that it was premature. Defendants maintain that the hours expended on it "should be reduced by half." (Opp. at 9). The Court disagrees. There is no requirement that parties refrain from filing motions for summary judgment until discovery is complete. While, the summary judgment motion was largely boilerpoint in nature with little attention to the specifics of this case, Defendants have not adequately described why the hours were excessive.

Defendants also contend that the 2.3 hours that Wedel spent drafting Plaintiff's discovery requests were "boilerpoint" requests and thus should be reduced by half. (Opp. at 10). However, Defendants present no evidence that the requests were "boilerpoint" in nature, and 2.3 hours spent drafting discovery requests is not unreasonable.

**III. CONCLUSION**

The Court GRANTS Plaintiff's Motion. The total fee award is $24,334.50

IT IS SO ORDERED.

Footnotes

1   One of the cases cited by Defendants merits further discussion. In *Fernandes v. Thrifty Payless,* C07–01752 (Contra Costa County Superior Court June 2008), the attorneys representing Plaintiff here submitted a fee application seeking $295 per hour for Potter and $250 per hour for Handy. Defendants argue that Plaintiff's attorneys' fees should be reduced to $250 here accordingly. However, that case was decided in June 2008 and relied on a survey of rates for the period from 2002–2004. The rates do not necessarily reflect the prevailing rates as described by Plaintiff's expert.

2   Defendants served Plaintiff with a statutory offer to compromise pursuant to Fed.R.Civ.P. 68 on December 30, 2010, which was accepted the following day. Thus, the motion for summary judgment was never ruled on.

3   The billing entries for the motion also include references to discussions with Salinas and drafting declarations—however, the time spent on these matters is not separately identified.

**End of Document**   © 2011 Thomson Reuters. No claim to original U.S. Government Works.