Fredric J. Greenblatt (SBN 92672)
 fjg@greenblattlaw.com
**GreenblattLoveridge**
Attorneys at Law
22151 Ventura Boulevard, Suite 200
Woodland Hills, CA 91364-1600

Phone: (818) 992-1188
Fax:    (818) 992-7687

Attorneys for Defendant
DORE A. REYES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CECIL SHAW,<br><br>             Plaintiff,<br><br>    vs.<br><br>DORE A. REYES; and Does 1-10,<br><br>             Defendants. | CASE NO. 5:15-cv-00134-SVW (KKx)<br><br>**DECLARATION OF FREDRIC J. GREENBLATT AND REQUEST FOR RULE 11 SANCTIONS**<br><br>DATE:    September 16, 2015<br>TIME:    3:00 P.M.<br>CRTRM:  6 |

TO THE HONORABLE STEPHEN V. WILSON, UNITED STATES DISTRICT COURT JUDGE, AND ALL INTERESTED PARTIES:

  1.    I am an attorney at law duly licensed to practice law before all Courts of the State of California, the United States District Court for the Central District of California and am admitted to the Bar of this Court. I am a principal of the law firm of GreenblattLoveridge, Attorneys at Law, 22151 Ventura Boulevard, Suite 200, Woodland Hills, California 91364.

  2.    I make this Declaration of my own personal knowledge and if called upon as a witness, I could and would competently testify thereto. I am the attorney of record for Defendant Dore A. Reyes in the above-entitled action.

1

3.      I submit this Declaration as a result of Plaintiff's failure to file the Request for Dismissal as agreed by counsel for Plaintiff and counsel for Defendants. I am also requesting that the Court award Rule 11 sanctions against Plaintiff for requiring Defendant to unnecessarily expend time and money as a result of Plaintiff's failure to file a Request for Dismissal.

4.      I have been a lawyer for almost thirty-five (35) years.

5.      The litigation involved in this matter was settled on or about July 14, 2015.

6.      The agreement with the Plaintiff provided that the Plaintiff would dismiss the action after Defendant made the first settlement payment. That agreement was confirmed in an e-mail from attorney Phyl Grace on July 8, 2015. A true and correct copy of that e-mail is attached hereto as Exhibit 1.

7.      **The Defendant has made all payments required to be made by him (two payments) and therefore there is no settlement payment due under the settlement. The Defendant has fully performed his portion of the settlement to date.**

8.      It was agreed that if Plaintiff and Defendant could not reach agreement on the amount of the attorney's fees demanded by the Plaintiff, that this Court would retain jurisdiction to hear a motion for attorney's fees. This agreement was contained in paragraph 6 of the settlement agreement. It provided as follows:

> "... **The Parties further stipulate that the court will have retained continuing jurisdiction to enforce the terms of this settlement.**"

9.      Defendant made what he believed to be a reasonable offer for attorney's fees but there was no response to that offer. Plaintiff failed to file a motion for attorney's fees *until yesterday*. As of September 8, 2015, Plaintiff had not accepted or rejected Defendant's offer. A true and correct copy of Ms. Grace's e-mail of September 8, 2015, is attached hereto as Exhibit 2.

10.     I contacted Plaintiff's counsel last week and asked her to dismiss the matter as agreed and reiterated a settlement offer for the attorney's fees. There was no response.

2

11. I requested that Plaintiff's counsel notify this Court as soon as we had reached a settlement. I was advised by the plaintiff that the Plaintiff had notified this Court of the settlement. A true and correct copy of the Joint Stipulation for Dismissal Pursuant to F.R.Civ.P. 41(a)(1) prepared by Plaintiff's office is attached hereto as Exhibit 3.

12. Needless to say, I was very surprised when this Court's clerk, Mr. Cruz, contacted me yesterday and provided me with the courtesy of telling me know that the matter had *not* dismissed and that this Court wanted counsel to appear at 3:00 p.m. today.

13. I advised Mr. Cruz that the matter had been settled, that the Defendant had fully performed and that there only remained an issue of attorney's fees, for which Plaintiff was going to file a motion for attorney's fees and that our settlement provided for the Court to retain jurisdiction for the purposes of the attorney's fee motion.

14. Mr. Cruz told me that the Court often hears motions for attorney's fees after a matter is dismissed. That if a Request for Dismissal were filed no appearance would be necessary today and the Plaintiff could still have his motion for attorney's fees heard.

15. I immediately contacted Plaintiff's counsel and advised her of Mr. Cruz's telephone call and requested that she dismiss the matter and have her motion for attorney's fees heard in the future. **I reiterated that there was no reason for counsel to have to appear in your Courtroom when the matter was settled and the only remaining issue was attorney's fees which could be heard via a motion after dismissal of the action.**

16. Ms. Grace indicated that she would get back to me. I even sent her a copy of Exhibit 1 to remind her of our agreement.

17. Ms. Grace finally got back to me and indicated that Plaintiff's counsel **would not** file a Request for Dismissal, requiring the parties to appear at thus Court's hearing today.

18. I have spent one (1) hour reviewing this matter and preparing this Declaration. I anticipate spending three (3) hours attending the Status Conference, including travel

1  time from Woodland Hills to Downtown and from Downtown to Woodland Hills.
2      19.  My current billing rate is $495.00 an hour. Between filing this declaration and
3  attending the Status Conference, I will have spent at least four hours on this matter.
4      20.  I respectfully request that this Court Order Plaintiff to pay attorney's fees that
5  have been unnecessarily been incurred as a result of Plaintiff's failure to file a Request
6  for Dismissal as previously agreed. The total amount requested is $1,980.00.
7      I declare under penalty of perjury that the foregoing is true and correct.
8      Executed September 16, 2015, at Woodland Hills, California

_____
FREDRIC J. GREENBLATT

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure, Rule 11:

### Rule 11, Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

© Sanctions.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

It is most clear that Plaintiff's counsel has engaged in conduct whose sole purpose has been to harass the Defendant and to needlessly increase the cost of litigation.

For the reasons set forth in the Declaration of Fredric J. Greenblatt, Defendant respectfully requests that this Court order Plaintiff to pay sanctions to Defendant in the amount of $1,980.00.

DATED: September 16, 2015.

Respectfully submitted,

**GreenblattLoveridge**
Attorneys at Law

_____
FREDRIC J. GREENBLATT
Attorneys for Defendant
DORE A. REYES

**EXHIBIT 1**

## Fredric J. Greenblatt

**From:** Fredric J. Greenblatt
**Sent:** Tuesday, September 15, 2015 4:16 PM
**To:** 'Phyl Grace'
**Subject:** RE: Shaw v. Reyes

How about 3k, in 2-3 payments. We are able to consider payments provided a stipulated judgment is also agreeable. This document does not get filed unless there is a default in the payments, but since we file a dismissal of the case on receipt of the first payment, the stipulated judgment asks for $1,500 in attorney fees/costs to file a motion to reopen the case and file the judgment. The stipulated judgment will also seek interest of 10% annually.

**Fredric J. Greenblatt**
**GreenblattLoveridge**
Attorneys at Law
22151 Ventura Boulevard, Suite 200 | Woodland Hills, California 91364-1600
Tel: 818.992.1188 | Fax: 818.992.7687
Email: fjg@greenblattlaw.com

CONFIDENTIAL AND PRIVILEGED COMMUNICATION: The foregoing name, telephone number, facsimile number and e-mail information is provided to the recipient for informational purposes only and is not intended to be the signature of the sender for purposes of binding the sender of the Law Offices of Greenblatt & Associates, or any client of the sender or the firm, to any contract or agreement under the Uniform Electronic Transaction Act or any similar law. This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged or otherwise inadvertently disclosed to you. If you are not the intended recipient, or person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or other use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. Interception of e-mail is a crime under the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and 2701-2709. If you have received this transmission in error, please immediately notify me or my assistant by replying to the e-mail or by telephone at (818) 992-1188, and destroy the original transmission and its attachments without reading them or saving them in any format.

This e-mail (including and attachments) may contain privileged or confidential information. It is intended only for the addressee(s) indicated above. The sender does not waive any of its rights, privileges or other protections respecting this information. Any distribution, copying or other use of this e-mail or the information it contains, by other than an intended recipient, is not sanctioned and is prohibited. If you received this e-mail in error, please delete it and advise the sender (by return e-mail or otherwise) immediately.

IRS CIRCULAR 230 NOTICE: TO COMPLY WITH U.S. TREASURY REGULATIONS, WE ADVISE YOU THAT ANY U.S. FEDERAL TAX ADVICE INCLUDED IN THIS COMMUNICATION IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, TO AVOID ANY U.S. FEDERAL TAX PENALTIES OR TO PROMOTE, MARKET OR RECOMMEND TO ANOTHER PARTY ANY TRANSACTION OR MATTER.

**From:** Phyl Grace [mailto:PhylG@potterhandy.com]
**Sent:** Wednesday, July 08, 2015 10:11 AM
**To:** Fredric J. Greenblatt
**Subject:** RE: Shaw v. Reyes

1

These costs are ones that would have been required in any event, regardless of this litigation. In fact, remediation is a benefit to your client as a good portion of those repairs are tax deductible. I've offered payments and a compromise on damages. I think this is the best that can be done.

---

**From:** Fredric J. Greenblatt [mailto:fjg@greenblattlaw.com]
**Sent:** Wednesday, July 08, 2015 10:07 AM
**To:** Phyl Grace
**Subject:** RE: Shaw v. Reyes

Phil, I appreciate all your efforts to get this case resolved. However you are forgetting the payments that need to be paid made for the work that was done on the parking lot and at some point in time for your attorney's fees. 500 dollars is a lot of money to Mr Reyes. He has not agreed to go to 3000 probably because he cannot. It would be a shame to lose our proposed settlement for the small difference. Please work on having your client accept the 2500 dollars in two payments and we can agree to the stipulated judgment and the terms you have set forth.

Fredie



Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Phyl Grace <PhylG@potterhandy.com>
Date: 07/08/2015 9:58 AM (GMT-08:00)
To: "Fredric J. Greenblatt" <fjg@greenblattlaw.com>
Subject: RE: Shaw v. Reyes

How about 3k, in 2-3 payments. We are able to consider payments provided a stipulated judgment is also agreeable. This document does not get filed unless there is a default in the payments, but since we file a dismissal of the case on receipt of the first payment, the stipulated judgment asks for $1,500 in attorney fees/costs to file a motion to reopen the case and file the judgment. The stipulated judgment will also seek interest of 10% annually.

The additional fees and the interest DO NOT NEED TO BE PAID, as this stipulated judgment is held in the file and is filed with the court ONLY if payments are not made as agreed.

---

**From:** Fredric J. Greenblatt [mailto:fjg@greenblattlaw.com]
**Sent:** Wednesday, July 08, 2015 9:51 AM
**To:** Phyl Grace
**Subject:** RE: Shaw v. Reyes

don't know that I can get Mr Reyes to 3000. If you agree to 2500 in two payments we have a deal and can avoid going to Riverside County. We can submit the attorney's fees on motion.

Do we have a deal??


Sent from my Verizon Wireless 4G LTE smartphone

2

-------- Original message --------
From: Phyl Grace <PhylG@potterhandy.com>
Date: 07/08/2015 9:28 AM (GMT-08:00)
To: "Fredric J. Greenblatt" <fjg@greenblattlaw.com>
Subject: RE: Shaw v. Reyes

I think the 3k and submit is an excellent compromise.

---

**From:** Fredric J. Greenblatt [mailto:fjg@greenblattlaw.com]
**Sent:** Wednesday, July 08, 2015 8:21 AM
**To:** Phyl Grace
**Subject:** RE: Shaw v. Reyes


Phil hit your email and lost it. Can you resend please


Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Phyl Grace <PhylG@potterhandy.com>
Date: 07/07/2015 7:05 PM (GMT-08:00)
To: "Fredric J. Greenblatt" <fjg@greenblattlaw.com>
Subject: Shaw v. Reyes

Mr.. Greenblatt:

Thank you for the $4,500 offer of settlement. The best offer I can make at this point is for $3,000 and submit the attorney fees and costs via noticed motion for a determination as to reasonableness.

Let me know if this works.

3

**EXHIBIT 2**

# Fredric J. Greenblatt

| | |
|---|---|
| From: | Phyl Grace <PhylG@potterhandy.com> |
| Sent: | Tuesday, September 08, 2015 4:10 PM |
| To: | Fredric J. Greenblatt |
| Subject: | FW: Shaw v. Reyes |

Fred:

I haven't heard back on this number yet. Wilson has set a CMC on 9/16. Please let me know if you have a response.

-----Original Message-----
From: Phyl Grace
Sent: Tuesday, July 14, 2015 10:25 AM
To: 'Fredric Greenblatt'
Subject: RE: Shaw v. Reyes

Can you get to $6,500. I don't think I can get lower than this.
-----Original Message-----
From: Fredric Greenblatt [mailto:fjgreenblatt@icloud.com]
Sent: Tuesday, July 14, 2015 9:07 AM
To: Phyl Grace
Cc: Kumara Gibbs; Fredric Greenblatt
Subject: Shaw v. Reyes

Phyl,

I have obtained Mr. Reyes signature on the settlement documents and will forward same to you later today. I Imagine you've seen that I have filed an opposition to the OSC.

I would still like to see if we can resolve the attorneys fee issue. I have worked very hard with Mr. Reyes who quite frankly still does not understand all of this and have gotten him to agree to pay $4000 for the attorneys fees and costs. Please be assured this took much work on my part. Obviously it would need to Be paid in installments but I don't think that's an issue for you.
Please advise if we are done. It would be nice to have a deal.
Fredie
Sent from my iPad

1

**EXHIBIT 3**

| | |
|---|---|
| 1 | CENTER FOR DISABILITY ACCESS |
| 2 | Raymond Ballister, Jr., Esq., SBN 111282<br>Mark Potter, Esq., SBN 166317 |
| 3 | Phyl Grace, Esq., SBN 171771<br>Dennis Price, SBN 279082 |
| 4 | Mail: PO Box 262490<br>San Diego, CA 92196-2490 |
| 5 | Delivery: 9845 Erma Road, Suite 300<br>San Diego, CA 92131 |
| 6 | (858) 375-7385; (888) 422-5191 fax<br>phylg@potterhandy.com |
| 7 | Attorneys for Plaintiff, CECIL SHAW |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CECIL SHAW, | ) | Case No.: 5:15-CV-00134-SVW-KKX |
| | ) | |
| Plaintiff, | ) | **NOTICE OF SETTLEMENT AND REQUEST TO VACATE ALL CURRENTLY SET DATES** |
| v. | ) | |
| DORE A. REYES; and Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff hereby notifies the court that a global settlement has been reached in the above-captioned case and the parties would like to avoid any additional expense, and to further the interests of judicial economy.

The plaintiff, therefore, applies to this Honorable Court to vacate all currently set dates with the expectation that the Joint Stipulation for Dismissal with prejudice as to all parties will be filed within 60 days.

CENTER FOR DISABILITY ACCESS

Dated: July 8, 2015        /s/ Phyl Grace
                           Phyl Grace
                           Attorney for Plaintiff

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
Attorneys for Plaintiff

FREDRIC J. GREENBLATT (SBN: 92672)
fjg@greenblattlaw.com
GREENBLATT LOVERIDGE
Attorneys At Law
22151 Ventura Boulevard, Suite 200
Woodland Hills, CA 91364-1600
Telephone: (818) 992-1188
Facsimile: (818) 992-7687
Attorney for Defendant
Dore A. Reyes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SHAW,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DORE A. REYES; and Does 1-10,<br><br>　　　　Defendants. | Case: 5:15-CV-00134-SVW-KKX<br><br>**JOINT STIPULATION FOR DISMISSAL PURSUANT TO F.R.CIV.P. 41 (a) (1)** |

1

## STIPULATION

IT IS STIPULATED by and between the parties hereto that this action may be dismissed with prejudice as to all parties; each party to bear his/its own attorneys' fees and costs. This stipulation is made as the matter has been resolved to the satisfaction of all parties.

Dated:  CENTER FOR DISABILITY ACCESS

By: _____
Phyl Grace
Attorneys for Plaintiff

Dated:  GREENBLATT LOVERIDGE

By: _____
Fredric J. Greenblatt
Attorney for Defendant
Dore A. Reyes

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Fredric J. Greenblatt, counsel for Dore A. Reyes, and that I have obtained Mr. Greenblatt's authorization to affix his electronic signature to this document.

Dated:             CENTER FOR DISABILITY ACCESS

                         By: _____
                                Phyl Grace
                                Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SHAW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DORE A. REYES; and Does 1-10,<br><br>　　　　Defendants. | Case No.: 5:15-CV-00134-SVW-KKX<br><br>**ORDER** |

## ORDER

The Court hereby vacates all currently set dates, with the expectation that the parties will file a Joint Stipulation for Dismissal within 60 days.

**IT IS SO ORDERED.**

Dated: _____    _____
　　　　　　　　　　　　　　　　　HONORABLE STEPHEN V. WILSON
　　　　　　　　　　　　　　　　　United States District Court Judge

Notice of Settlement　　　　　-1-　　　　　5:15-CV-00134-SVW-KKX

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 22151 Ventura Boulevard, Suite 200, Woodland Hills, California 91364-1600.

On September 16, 2015, I served the within document described as **DECLARATION OF FREDRIC J. GREENBLATT AND REQUEST FOR RULE 11 SANCTIONS** on all interested parties e-mail only as follows:

Ray Ballister, Jr., Esq.
Mark Potter, Esq.
Phyl Grace, Esq.
Dennis Price, Esq.
Center for Disability Access
9845 Erma Road, Suite 300
San Diego, CA 92131

Phone: (858) 375-7385
Fax:   (858) 422-5191

E-Mail: phylg@potterhandy.com

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 16, 2015, at Woodland Hills, California.

_____
K. Gibbs