CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Mark Potter, SBN 166317
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Cecil Shaw**, | **Case No**. 5:15-CV-00134-SVW-KKX |
|     Plaintiff, | **Plaintiff's Objection and Response to the Defense Motion for Rule 11 Sanctions** |
| v. | |
| **Dore A. Reyes**, | Honorable Judge Stephen V. Wilson |
|     Defendants | |

Plaintiff objects to the defense motion for Rule 11 sanctions filed on September 16, 2015 (ECF 37). The defense never met and conferred as required under Local Rule 7-3. The defense never served a safe harbor copy of the Rule 11 motion. In fact, the defense has not even filed a Notice and Motion or set a hearing date or given 28 days notice. The "request" is procedurally improper and entirely defective.

Moreover, the "motion" is misleading and lacks merit. Defense counsel did not bother to read his own exhibits and has mischaracterized the record. Defense counsel refers to his own exhibit 2 (an email exchange) for the proposition that: "Defendant made what he believed to be a reasonable offer for attorney's fees but there was no response to that offer . . . As of September 8, 2015, Plaintiff had not accepted or rejected Defendant's offer." See

Greenblatt Request (ECF 37), p. 2, lines 22-25. This is demonstrably false. In defense counsel's self-righteous anger, he failed to read his own exhibit. Defense counsel's exhibit 2,[1] demonstrates that plaintiff's counsel responded with a counter offer **on the same day** the offer for fees was delivered. It was **defense counsel** who failed to respond. In fact, plaintiff's counsel had to prompt him **again** on September 8, 2015, saying "I haven't heard back on this number yet." And the defense did not respond to that either.

The defense also refers to an agreement by the parties to dismiss the case after the first payment was made. The defense quotes from paragraph 6 of the settlement agreement that the parties stipulated that the court would have jurisdiction to enforce the agreement. But defense counsel either mistakenly or sneakily did not bother to quote paragraph 5 of the settlement agreement which is **the relevant section**, entitled "DISMISSAL." The settlement agreement was filed as exhibit 3 to the plaintiff's motion and reads:

> 5. **DISMISSAL**: After receipt of payment set forth in Paragraph 4 of this Agreement **and payment of fees/costs from Defendant, as finally determined by the Court** or agreed to by the parties, Plaintiff shall dismiss the lawsuit with prejudice.

Settlement Agreement (ECF Entry 36-4), section 5 (emphasis added). There is no plausible way that the defense could have overlooked this key provision. In other words, the defense is moving for sanctions and fees based on false

---

[1] Which is also plaintiff's counsel's exhibits 10 and 11 for his fee motion.

facts, a mistaken chronology and in direct contravention to the terms of the settlement agreement.

The plaintiff requests this Court deny the request.


Dated: September 15, 2015                    CENTER FOR DISABILITY ACCESS

                                                        /s/ Mark Potter

                                             By:_____
                                             Mark Potter, Esq.
                                             Attorneys for Plaintiff

Objection and Response                                    Case No. 5:15-CV-00134-SVW-KKX