UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SHAW,<br><br>    Plaintiff,<br><br>    v.<br><br>DORE A. REYES; and Does 1-10,<br><br>    Defendants. | Case No. CV 15-00134 SVW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

    Plaintiff Cecil Shaw filed this action against Defendant Dore A. Reyes for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. The parties agreed to a settlement where Defendant is required to bring its facility up to compliance with the acts, and pay Plaintiff $3,000 along with reasonable attorney's fees and costs. Plaintiff has now filed a motion for attorney's fees and costs seeking an amount of $15,405. Plaintiff's motion is GRANTED IN PART.

    As a preliminary matter, Defendant's arguments that a reduction is appropriate because (1) four attorneys worked on Plaintiff's case, (2) Plaintiff has filed 10 other similar ADA cases, (3) Defendant earnestly attempted to settle the matter, and (4) the requested fees are significantly greater than the settlement amount, are not grounded in any legal authority.[1] Moreover, *Jankey*

---

[1] The Court also finds irrelevant Defendant's discussion of the merits of the case. The parties agreed to a settlement and the only issue before the Court concerns reasonable attorney's fees.

*v. Poop Deck*, forecloses Defendant's argument that attorney's fees should be reduced because a prelitigation notice could have avoided further litigation. 537 F.3d 1122, 1131 (9th Cir. 2008) (Because "[l]itigants and their lawyers should not be penalized for failing to meet a purported technical requirement that does not exist," the court reasoned, "a district court may not use a lack of prelitigation notice as a factor in determining whether to deny as unjust a request for attorney fees under the ADA.").

Next, as to Plaintiff's actual motion, Defendant does not dispute that Plaintiff must receive reasonable attorney's fees. *See* 42 U.S.C. § 12205 (ADA); Cal. Civ. Code § 52(a) (Unruh Act); Settlement Agreement, ¶ 2.5, ECF No. 36-4. The Court must first calculate the lodestar and then subtract hours that are excessive, redundant, or unreasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Plaintiff contends the following work was performed: Mark Potter worked 26.2 hours at a rate of $425, Phyl Grace worked 7 hours at a rate of $350, Dennis Price worked 3.8 hours at a rate of $250, and Amanda Lockhart worked 1 hour at a rate of $250. Defendant does not dispute the attorneys' hourly rates, but disputes most of the attorneys' hours logged and requests the Court to reduce the award of fees to $4,907.50.[2]

Upon review of the parties' briefs, Plaintiff has persuasively rebutted most of Defendant's objections as speculative or without evidentiary support. For example, the Court will not speculate as to whether 0.4 hours is an excessive amount of time spent for reviewing Defendant's bid and proposal for settlement, discussing the proposal with Plaintiff's client, and drafting a response email to Defendant. Moreover, Plaintiff has adequately explained any discrepancies with respect to time billed for matters where both parties were present. For example, at the Rule 26 Conference on March 24, 2015, Plaintiff billed 0.8 hours whereas Defendant billed only 0.4 hours. However, because Plaintiff was also tasked with drafting the Rule 26 Report and circulating it for review, Plaintiff spent additional time memorializing the meeting and the agreements reached.

---

[2] Although Defendant requested the fees be reduced to $2,927.50, the Court does not find that Rule 11 sanctions are warranted against Plaintiff in the amount of $1,980. Therefore, Defendant's request for reduction is to an amount of $4,907.50.

2

That being said, the Court finds the following reductions appropriate. As to Mark Potter, the Court decided this motion without a hearing so it subtracts the estimated 5 hours for travel to and attendance at the oral argument, which equates to $2,125. As to Phyl Grace, Defendant noted that 0.3 hours were billed to discuss a settlement conference with Plaintiff; however, no settlement conference took place. Plaintiff did not refute this point in its Reply papers. The Court therefore subtracts 0.3 hours of Phyl Grace's time, which equates to $105. In all other respects, the rates and hours are reasonable. *See Salinas v. Rite Aid Lease Mgmt. Co.*, No. CV-10-7499-SVW-FMO, 2011 WL 1107213 (C.D. Cal. Mar. 17, 2011).

Plaintiff's motion is **GRANTED IN PART**. The Court **AWARDS** Plaintiff $12,555 in attorney's fees and $620 in litigation costs. Defendant is **ORDERED** to pay Plaintiff $13,175 for attorney's fees and costs of suit.

Dated: October 7, 2015

STEPHEN V. WILSON
United States District Judge